IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JEFFERY B. HICKS, #85197-020**                                                    **PETITIONER**

**V.**                                        **CIVIL ACTION NO. 5:09cv87-DCB-MTP**

**BRUCE PEARSON, Warden**                                           **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Jeffery B. Hicks for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

### Background

On October 9, 1996, Petitioner Jeffery B. Hicks was convicted of possession of a firearm and possession of a stolen firearm in violation of 18 U.S.C. § 922 (g) and 18 U.S.C. § 922 (j), respectively, after a plea of guilty. Hicks was sentenced by Judge Harold L. Murphy in the United States District Court for the Northern District of Georgia to serve a term of 130 months, and a supervised release term of 3 years.[1] Hicks is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi and has a projected release date of April 2, 2010.[2] Hicks is scheduled to be transferred to a Residential Re-Entry Center ("RRC")[3] on or

---

[1] Petition [1] at 1; Memorandum [2].

[2] *See* Ex. A to Response [14].

[3] The Bureau of Prisons currently uses the name of Residential Re-Entry Centers (RRC) to identify what are commonly known as halfway houses. *See* Response [14], n.1.

about December 6, 2009.[4]

In the instant Petition, filed on May 26, 2009, Hicks raises the following grounds: 1) Whether the Bureau of Prison's ("BOP") April 14, 2008 Memorandum[5] denying staff the discretion to recommend a pre-release RRC placement longer than six months without advance written approval is inconsistent with 18 U.S.C. § 3624(c) and the Second Chance Act of 2007;[6] and 2) whether the BOP staff violated 18 U.S.C. § 3624(c)(6)(A) by failing to consider the five factors set forth in 18 U.S.C. § 3621(b) in determining his RRC placement date. Hicks seeks a court order compelling the BOP to reconsider his designation for RRC placement in accordance with the Second Chance Act and without regard to the April 14, 2008 Memorandum.

Respondent contends that Hicks's arguments are without merit and that his petition should be dismissed.

On November 5, 2009, Hicks filed a "Motion to the Court to Take Judicial Notice of Petitioner's Release Date to a RRC Pre-Release Facility" [16]. The court construes the Motion as a motion to expedite consideration of his petition.

Analysis

On May 5, 2008, while participating in unit team Program Review, Hicks requested to be placed into an RRC for the final twelve months of his sentence. Case Manager Frazier stated "Inmate informed that unit team does not find it appropriate for a placement beyond 180 days." *See* Ex. 6 to Memo. [2-2] at 31-33.

On June 12, 2008, Hicks submitted a BP-8 Request through the Administrative Remedy

---

[4]*See* Ex. F to Response [14-2] at p. 42; Motion [16].

[5]*See* 4/14/08 Memorandum Re: Pre-Release RRC Placements, Ex. E to Response [14-2].

[6]Second Chance Act of 2007, Pub. L. No. 110-199; 18 U.S.C. § 3624(c) (Amended Apr. 9, 2008).

Program ("ARP") requesting that he be granted a full twelve months in RRC placement. *See* Ex. 2 to Memo. [2-2] at 4-5. In response, BOP staff informed Hicks that "four to six months RRC placement should be sufficient to meet [his] pre-release needs." *Id.* at 6. Hicks filed a BP-9 request through the ARP on June 18, 2008, and his request was denied on June 27, 2008. *Id*. at 7-8. Hicks appealed the Warden's decision to the Regional level, and his appeal was denied on August 27, 2008. *Id.* at 10-11. The Regional Director stated, "Your individual needs were evaluated by your Unit Team and based on the . . . five factors [set forth in 18 U.S.C. § 3621(b)] it was determined a referral for six months RRC placement was sufficient for your needs."[7] *Id.* Hicks appealed to the Central Office, and his appeal was denied on December 2, 2008. *Id.* at 12-14.

On November 24, 2008, Hicks submitted another BP-8 Request through the ARP requesting that he be granted a full twelve months in RRC placement. Hicks completed all steps of the ARP and his request was ultimately denied at the central office level on April 15, 2009. Ex. 3 to Memo. [2-2] at 15-23.

The record reflects that on or about July 18, 2008, Hicks was initially recommended for RRC placement by BOP staff for October 5, 2009 (approximately 180 days). *See* Institutional Referral for CCC Placement, Ex. D to Response [14-2]. Hicks's request for RCC placement was re-evaluated based on multiple incident reports, and on or about August 25, 2008, Hicks's recommended date for RRC placement was changed to January 5, 2010, which would be a total of

---

[7]On or about October 30, 2008, Hicks submitted an "Inmate Request to Staff" stating, "Sir, what was your experience that lead you to believe recommending me for six months RRC placement or not to exceed six months would be of sufficient duration to accommodate my needs?" *See* Ex. C to Response [14]. The staff informed Hicks that the rationale used to make the placement decision came from the review process for the Second Chance Act. The staff also informed Hicks that "this was previously provided to you in a prior request for staff member," referring to the response to Hicks's June 12, 2008, BP-8 Request. *Id.*

88 days. *See* ARP Requests and Responses, Ex. F to Response [14-2]; Institutional Referral for CCC Placement, Ex. G to Response [14-2]. Hicks was ultimately approved for transfer to an RRC on December 6, 2009, for a total of 118 days. *See* ARP Requests and Responses, Ex. F to Response [14-2].

Hicks alleges that the BOP staff violated 18 U.S.C. § 3624(c)(6)(A) by failing to consider the five factors set forth in 18 U.S.C. § 3621(b) in determining his RRC placement date. Congress amended 18 U.S.C. § 3624(c) on April 9, 2008, through the enactment of the Second Chance Act of 2007, Pub. L. 110-199, 122 Stat. 657. *See* 18 U.S.C. § 3624(c) (Amended Apr. 9, 2008). The amendment provides, in part,

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Prior to the amendment, the BOP was only authorized to place a prisoner in RRC for a maximum of six months of the final portion of his sentence.[8] The amendment further provides, "Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." 18 U.S.C. §

---

[8]Prior to the amendment, Section 3624(c) read as follows:

(c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

4

3624(c)(4).

The Second Chance Act of 2007 also requires the Director of the BOP to:

. . . issue regulations pursuant to this subsection not later than 90 days after the
date of the enactment of the Second Chance Act of 2007, which shall ensure that
placement in a community correctional facility by the Bureau of Prisons is--
(A) conducted in a manner consistent with section 3621(b) of this title;
(B) determined on an individual basis; and
(C) of sufficient duration to provide the greatest likelihood of successful
reintegration into the community.

18 U.S.C. § 3624(c)(6). In accordance with the Act, the BOP amended its regulations to conform to the above requirements. *See* 28 C.F.R. §§ 570.20 - 570.22 (Amended eff. 10/21/08).

Section 3621(b) of Title 18 provides as follows:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment.
The Bureau may designate any available penal or correctional facility that meets
minimum standards of health and habitability established by the Bureau, whether
maintained by the Federal Government or otherwise and whether within or
without the judicial district in which the person was convicted, that the Bureau
determines to be appropriate and suitable, considering–

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
(A) concerning the purposes for which the sentence to imprisonment was
determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant
to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The record reflects that BOP staff evaluated Hicks's request for RRC placement on an individual basis, and in accordance with the five factors set forth in Section 3621(b). *See* Response to Staff Request, Ex. B to Response [14-2]; ARP Requests and Responses, Ex. F to Response [14-2]; and Declaration of Unit Manager Michael Morris, Ex. H to Response [14-2]. Further, BOP staff determined that Hicks's placement in RRC for a total of 118 days was of

sufficient duration to provide the greatest likelihood of successful reintegration into the community. *Id.*

In his petition, Hicks seeks a court order compelling the BOP to reconsider his designation for RRC placement in accordance with the Second Chance Act. Based on the record, the BOP has considered his request in accordance with the Second Chance Act. *See Wilson v. Keffer*, No. 08-1961, 2009 WL 1230020, at *4 (W.D. La. May 5, 2009) (dismissing prisoner's claims that he was unlawfully denied the right to be placed in an RRC for a period of 335-365 days, reasoning that the BOP complied with the Second Chance Act of 2007 in considering his request and that prisoner's conclusory allegations were insufficient to demonstrate a violation of the Constitution or laws of the United States). The Second Chance Act does not require the BOP to grant an inmate's request for RRC placement for the full twelve months, but rather, to consider an inmate's request in accordance with the Act. *See Reid v. Dewalt*, No. 09-CV-19-KKC, 2009 WL 383404, at *6 (E.D. Ky. Feb. 11, 2009) (holding that the "Second Chance Act does not . . . mandate that every federal prisoner is entitled to twelve-months, or even six-months, in pre-release CCC status"); *Garrison v. Stansberry*, No. 2:08cv522, 2009 WL 1160115, at *4 (E.D. Va. Apr. 29, 2009) ("Despite a prisoner's eligibility for a placement of up to twelve months in an RRC, it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long."). Accordingly, Hicks is not entitled to relief on this ground.

Hicks also alleges that the BOP Memorandum dated April 14, 2008[9] is inconsistent with 18 U.S.C. § 3624(c) and the Second Chance Act of 2007. Specifically, Hicks claims that the Memorandum requires advance written approval from the BOP Regional Director before BOP

---

[9] *See* Ex. E to Response [14-2].

staff can recommend RRC placement for over six months. *See* Ex. E to Response [14-2], ¶ III(D). This argument has recently been rejected by other federal district courts. *See Torres v. Martinez*, No. 3:09cv1070, 2009 WL 2487093, at *5 (M.D. Pa. Aug. 12, 2009); *Garrison*, 2009 WL 1160115, at *4, n.3 (holding that because the BOP properly gave petitioner an individualized assessment and considered the five factors under Section 3621(b), petitioner's argument that the BOP's April 2008 Memorandum was inconsistent with the Second Chance Act was without merit). This court finds the reasoning in these decisions persuasive.[10] The record reflects that BOP staff evaluated Hicks's request for RRC placement on an individual basis, and in accordance with the five factors set forth in Section 3621(b), and determined that approximately four months was of sufficient duration to provide the greatest likelihood of successful reintegration into the community. *See* Exs. B, F, and H to Response [14-2]. Accordingly, Hicks is not entitled to habeas relief and his petition should be denied.

---

[10]Hicks cites to *Strong v. Schultz*, 599 F. Supp. 2d 556 (D. N.J. 2009), in support of his position. In *Strong*, the court granted the prisoner's 2241 petition and held that the BOP abused its discretion in determining that petitioner's RRC placement would be for six months. The court held,

> that, by instructing staff that pre-release placement needs can usually be accommodated by a placement of six months or less and by denying staff the discretion to recommend a placement longer than six months (without advance written approval from the Regional Director), the April 14, 2008, Memorandum is inconsistent with the Second Chance Act's amendments to § 3624(c).

*Strong*, 599 F. Supp. 2d at 563; *See also Krueger v. Martinez*, --- F. Supp. 2d ----, 2009 WL 2876861, at *5 (M.D. Pa. 2009) (granting prisoner's petition and directing the BOP to reconsider his request for RRC placement in accordance with the Second Chance Act without regard to the April 14 and November 14, 2008 Memoranda, reasoning that the language in the BOP's 2008 Memoranda "effectively chills staff discretion because staff are aware of the institutional preference for a RRC placement of six months or less, a preference that is contrary to the apparent purpose of the Second Chance Act"). This court declines to extend the reasoning of *Strong* and *Krueger* to the instant petition. Hicks has failed to establish that the BOP's April 2008 Memoranda prevented the BOP from considering his request in accordance with the requirements of the Second Chance Act. *See also Torres*, 2009 WL 2487093, at *5 (declining to extend the reasoning of *Strong* to prisoner's petition).

7

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Hicks's Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice. The undersigned further recommends that Hicks's "Motion to the Court to Take Judicial Notice of Petitioner's Release Date to a RRC Pre-Release Facility" [16] and the Motion [13] for Reconsideration (Objection) to Order [11] on Motion for Extension of Time be dismissed as moot.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 20th of November, 2009.

                                                          s/Michael T. Parker
                                                          United States Magistrate Judge