IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JEFFERY B. HICKS                                                    PETITIONER

VERSUS                                    CIVIL ACTION NO: 5:09-cv-87-DCB-MTP

BRUCE PEARSON, WARDEN                                               RESPONDENT

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of November 20, 2009 [docket entry no. 17]. Therein, Magistrate Judge Parker recommends that the *pro se* Petition for Writ of Habeas Corpus [docket entry no. 1] filed by Jeffery B. Hicks ("Hicks" or "petitioner") be denied. Additionally, Magistrate Judge Parker recommends that Hick's Motion to the Court to Take Judicial Notice of Petitioner's Release Date to RRC Pre-Release Facility [docket entry no. 16] and his Motion for Reconsideration [docket entry no. 13] to Order [docket entry 11] be dismissed as moot. Having reviewed the Report and Recommendation, the petitioner's Objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

The petitioner was convicted on October 9, 1996, of possession of a firearm and possession of a stolen firearm in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 922(j). Report & Recommendation, at 1. He was sentenced by Judge Harold L. Murphy in the United States District Court for the Northern District of Georgia to serve

a term of 130 months imprisonment with three years of supervised release. Id.

On May 5, 2008, Hicks requested to be placed in a Residential Re-entry Center ("RRC") for the final twelve months of his sentence. The Bureau of Prison's ("BOP") determined that Hicks would only receive a total of 180 days in RRC. Thereafter, Hicks requested through the prisoner Administrative Remedy Program ("ARP") that he receive twelve months in RRC. After exhausting his administrative remedies through the BOP and the ARP, the BOP ultimately approved Hicks for transfer to an RRC on December 6, 2009, for a total of 118 days. Hicks filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241 on May 26, 2009, challenging the BOP's determination that he is not entitled to confinement at a RRC for twelve months. He raises two grounds for relief: 1) the BOP's April 14, 2008, Memorandum denying staff the discretion to recommend a pre-release RRC placement longer than six months without advance written approval is inconsistent with 18 U.S.C. § 3624(c) and the Second Chance Act of 2007[1]; and, 2) the BOP staff violated 18 U.S.C. § 3624(c)(6)(A) by failing to consider the five factors set forth in 18 U.S.C. § 3621(b) in determining his RRC placement date. Report & Recommendation, at 2.

In his Report and Recommendation, the Magistrate Judge

---

[1] Second Chance Act of 2007, Pub. L. No. 110-199; 18 U.S.C. § 3624(c) (amended April 9. 2008).

concluded that the BOP staff evaluated Hicks' request for twelve months RRC placement on an individual basis, and in accordance with the five factors set forth in 18 U.S.C. § 3621(b). See Report & Recommendation, at 5-6. He also determined that the BOP's April 2008 Memorandum was not inconsistent with the Second Chance Act because the BOP, in evaluating Hicks' request, applied the five factors in determining when Hick's would be placed in a RRC. The Magistrate Judge also recommends that the petitioner's Motion to the Court to Take Judicial Notice of Petitioner's Release Date to RRC Pre-Release Facility, which the court construed as a motion to expedite consideration of his petition, and Hicks' Motion for Reconsideration be dismissed as moot.

Hicks filed his Objections on December 1, 2009. Therein, he posits three objections: 1) the Magistrate Judge failed to establish in the record that petitioner's placement in a RRC facility for 118 days was conducted in a manner consistent with § 3621(b) as 18 U.S.C. § 3624(c)(6)(A) mandates; 2) the Magistrate Judge failed to establish in the record the BOP factors in determining how 118 days RRC placement is sufficient duration to meet petitioner's needs and provide the greatest likelihood of successful reintegration into the community, and; 3) the Magistrate Judge failed to establish in the record that BOP staff considered petitioner's RRC placement in accordance with the Second Chance Act. Petitioner's Objections [docket entry no. 18], at 2-3, 4. Hicks makes no objection to the

Magistrate Judge's recommendation that his Motion to the Court to Take Judicial Notice of Petitioner's Release Date to RRC Pre-Release Facility and his Motion for Reconsideration be dismissed as moot; therefore, these motions will be dismissed as moot.

When a petitioner files objections to a Report and Recommendation, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In reviewing the objections, the Court "will examine the entire record and make an independent assessment of the law." Irby v. King, 2010 WL 2944673, *1 (S.D. Miss. 2010). However, the Court is not required to "consider objections that are frivolous, conclusive or general in nature." Id. (citing Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1997)). Further, no factual objection is raised when the objections raise arguments contained in the original petition. Id.

Here, the petitioner has raised no factual objections. Rather, the petitioner has asserted three objections which are the same. That is, he argues that the Magistrate Judge was clearly erroneous in his conclusion that BOP evaluated the petitioner's request for twelve months placement in a RRC on an individual basis and in accordance with the five factors set forth under 18 U.S.C. § 3621(b) as required by the Second Chance Act. This Court finds that Hicks' Objection is without merit.

Pursuant to the Second Chance Act of 2007, the Director of the BOP has discretion to send a prisoner to a RRC during his final months in prison for a period not to exceed twelve months. 18 U.S.C. § 3624(c)(1). The Second Chance Act also requires the Director of the BOP to evaluate a prisoner's requests for placement in a RRC by considering the request on an individual basis, considering what time period will provide the greatest likelihood of successful reintegration into the community, and considering the five factors set forth under 18 U.S.C. § 3621(b).[2] Moreover, "it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." Garrison v. Stansberry, 2009 WL 1160115, *4 (E.D. Va. 2009)(citations omitted). As a result, "the Court only has authority to review whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." Id.

In this case, the Magistrate Judge correctly concluded that the BOP evaluated Hicks' request for RRC placement on an individual

---

[2] The five factors that must be considered by the BOP in determining the time period to place a prisoner in a RRC are:
(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
  (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. 3621(b).

basis, and in accordance with the five factors set forth in § 3621(b). The BOP staff specifically stated that four to six months was sufficient to meet Hicks' needs for reintegration. See, Response to Staff Request, Ex. B. to Response [docket entry 14-2]. The Response stated that the staff reviewed Hicks' request on an individual basis according to the five factors set forth in § 3621(b). Id. Specifically, the staff Response stated that four to six months placement in an RRC was appropriate for Hicks because he had received "an incident report of the greatest severity for the use of narcotics . . . as recent as July 24, 2007." Id.; see also ARP Requests and Response, Ex. F to Response [docket entry no. 14-2]; and Declaration of Unit Manager Michael Morris, Ex. H to Response [docket entry 14-2](denying Hicks' Request for Administrative Remedy because he had multiple incident reports for narcotics use during his imprisonment and stating that four to six months RRC placement was recommended based upon the individual evaluation). Inasmuch as the record indicates that the BOP evaluated Hicks' request for RRC placement on an individual basis and in accordance with the five factors set forth in § 3621(b), the Court is satisfied with the Magistrate Judge's conclusions on these issues and finds no error.

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the petitioner's Objections, the Court is unable to find any error with the Magistrate Judge's

findings. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [docket entry no. 17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petitioner's Objections [docket entry no. 18] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petitioner's Writ for Petition of Habeas Corpus [docket entry no. 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion to the Court to Take Judicial Notice of Petitioner's Release Date to RRC Pre-Release Facility [docket entry no. 16] is **MOOT**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Reconsideration [docket entry no. 13] is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 12th day of August 2010.

_/s/ David Bramlette_
**UNITED STATES DISTRICT JUDGE**